THE WESTERN MARYLAND RAILROAD COMPANY *vs.* GEORGE W. MANRO.

*Declarations of a Deceased Person as Evidence.*

An action was brought by a railroad company to recover on a subscription to its capital stock. It being necessary to prove the payment by the defendant of one dollar upon each share of stock at the time of his subscription, the plaintiff offered in evidence the declarations of a person then deceased, who was one of the commissioners authorized to receive subscriptions to its stock, and who did take the subscription of the defendant for five shares. The offer was made to prove by a witness, who was the first acting treasurer for the commissioners, that shortly after the date of said subscription, the deceased commissioner handed to him five dollars, and said that the defendant "had paid him (the commissioner) the said sum of five dollars for and on account of the said subscription of stock at the time of making the subscription." HELD:

That this evidence was not admissible either as the declarations of a party, since deceased, made against his pecuniary interest, or made in the ordinary course of duty.

APPEAL from the Circuit Court for Carroll County.

This was an action instituted by the appellant to recover from the appellee on a subscription to its capital stock.

*Exception:* The plaintiff offered in evidence the *Acts of Assembly of* 1852, *ch.* 304, 1853, *chs.* 37 *and* 363, 1856, *ch.* 289, and all subsequent Acts by way of amendment or supplement to the Act of 1852; and a book of subscriptions, containing the subscription of the defendant. The plaintiff then proved by J. Henry Hoppe, a competent witness, that he was the first acting treasurer for the commissioners named in the Act of 1852, and prior to the organization of the plaintiff, which took place on the 14th of February, 1853; that the subscription book to the capital stock of the plaintiff offered in evidence was in the hands of the late Jacob Mathias, who was one of the commissioners, and took the subscription of the defendant; that said book was returned to the subscribers at a meeting called by the commissioners,

February 14th, 1853, when the books; were returned to the subscribers. The plaintiff then offered to prove by the same witness, that shortly after the date of the subscription offered in evidence, Mathias handed to the witness the sum of five dollars, and that Mathias then said to witness that the defendant had paid to him the said sum of five dollars for and on account of the subscription of stock, at the time of making it. The defendant objected to the admissibility of the declarations of Mathias made to the witness. The Court sustained the objection, and the plaintiff excepted. The judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*William A. Fisher*, for the appellant.

The evidence was improperly excluded, for two reasons:

1st. The declaration of Mathias was one against his pecuniary interest; and was, after his decease, admissible for that reason. *Higham vs. Ridgway*, 1 *East.*, 109 *and English notes to Higham vs. Ridgway, in* 2 *Smith's Lead. Cases*, 330, (*margin ;*) *Middleton vs. Melton*, (per BARON PARKE,) 10 *Barn. & Cress.*, 317; 1 *Greenleaf on Evidence, secs.* 147, 148 *and* 150; *Peaceable vs. Watson*, 4 *Taunt.*, 16; *Ivatt vs. Finch*, 1 *Taunt.*, 141; *Stapylton vs. Clough*, 2 *Ellis & Blackburn*, 936, 937 *and* 938; *Union Canal Company vs. Lloyd*, 4 *Watts & Serg.*, 394.

2d. Mathias was one of the commissioners to take subscriptions named in the Act of Assembly incorporating the company, and his declaration, made in the course of his official duty, in paying over money received in the act of taking subscriptions, was admissible. *Stapylton vs. Clough*, 2 *Ellis & Blackburn*, 936–8.

For the appellee, the cause was submitted on the brief of the Hon. WM. P. MAULSBY, filed previous to his appointment as Judge.

BRENT, J., delivered the opinion of the Court.

We have carefully examined the authorities cited in the argument of this case, and do not think that they furnish any support for the admissibility of the evidence which was offered and rejected by the Court below. To enable the appellant to recover the amount of stock subscribed by the appellee, it was necessary under the decision in *Taggart vs. The Western Maryland Railroad Co.*, 24 *Md.*, 538, to prove the payment by the appellee of one dollar upon each share of stock at the time of his subscription. To prove this payment the declarations of Jacob Mathias, then deceased, were offered in evidence. He was one of the commissioners authorized to receive subscriptions to the stock of the Baltimore, Carroll and Frederick Railroad Company, afterwards changed by the Act of 1853, ch. 37, to the name of the appellant, and did take the subscription of the appellee for five shares. The offer was made to prove by a witness, who was the first acting treasurer for the commissioners, that shortly after the date of the above subscription, Mathias handed to him five dollars, and then said to him that the appellee " had paid him (Mathias) the said sum of five dollars for and on account of the said subscription of stock at the time of making the subscription."

It is contended that this evidence was admissible upon the ground that it was the declaration of a party, since deceased, made against his pecuniary interest. We have been referred to a number of authorities upon this point, and especially to the case of *Higham vs. Ridgway*, 1 *East.*, 109. While its conclusion has been acquiesced in, a great deal of learning has been exhausted in subsequent cases in discussing the reason and application of its doctrine. It is unnecessary to review in this opinion these decisions, and examine the soundness of the distinctions established by some of them, to enable us to reach a correct conclusion upon the question of the admissibility of the evidence offered in the present case. The general rule in regard to the declarations of a person, since deceased, was conceded; and it is this, to render them

Western Maryland Railroad Company *vs.* Manro.

admissible against third persons, "it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them; and that the declarations were at variance with his interest." 1 *Greenleaf Ev.*, sec. 147. The first and second requirements are fully established in this case, but was the declaration against or at variance with the interest of the declarant? All the authorities concur that this interest must be a pecuniary one, and it is equally certain that such an interest must be made to appear affirmatively. How the declaration offered was against the interest of Mathias we have been unable to discover. It did not create a debt or establish any liability on his part to pay a sum of money to any person or body corporate. It did not furnish any ground, or pretext even, upon which he might have been sued or proceeded against either in law or equity. He paid the money, spoken of, to the treasurer for the commissioners, who was the proper party to receive it, and thereby cancelled any claim which had or could have existed against him for its payment; and not until then did he make the declaration that he had received it from the appellee. It is true that the very fact of the payment over of the money in itself may corroborate the declaration as to the person from whom he received it, and may create the strongest presumption of the "extreme improbability of the declaration being untrue," yet it is not sufficient to gratify the stringent requirement of the rule. The declaration must be against the interest of the party making it, otherwise it is wholly incompetent and inadmissible where the rights of third parties are to be affected.

Another ground, upon which it is claimed the declaration offered was admissible is, that it was made in the ordinary course of duty. The case of *Stapylton vs. Clough*, 2 *Ellis & Blackburn*, 933, is relied upon in support of this position. It would be straining that case very far to admit this testimony upon its authority. While it recognizes the doctrine that declarations, whether by word of mouth or by writing, of a

Western Maryland Railroad Company *vs.* Manro.

person deceased, are admissible, if made in the ordinary course of duty, the oral declaration there offered was held to be inadmissible because it did not appear to fulfil the condition required. COLERIDGE, J., says, page 938, " the admissibility is an exception from the general law of evidence, allowed upon the ground that credit may be given to what is done in the ordinary discharge of a duty. Unless an act be done in the ordinary course of business, it is not done in the ordinary discharge of the duty. You must, therefore, lay the foundation for the admission of the evidence by showing that the act was done in the ordinary course of business." No evidence has been offered to show that the declaration in this case was made in the ordinary course of business, and we presume none such could have been offered. It has never been held, and is not yet the law, that any declaration is admissible because it was made while in the discharge of a duty, but it must be such as enters into and forms a part of the ordinary course and routine of the particular business as it is usaully conducted and carried on. Had there been an entry by Mathias of the payment by the appellee, in his stock subscription-book, it might then have been claimed that such an entry was admissible, because, in the usual and ordinary course of duty. But, it cannot be presumed that it was in the ordinary course of his duty to make oral declarations of such payment. Equally as reasonable would be the presumption that it was his duty to declare orally who had taken shares of stock.

We do not think the testimony offered was competent, upon either of the grounds claimed, for its admissibility. The declaration was neither against the interest of the declarant nor made in the ordinary course of duty. It was, therefore, properly rejected, and the judgment of the Court below will be affirmed.

*Judgment affirmed.*

(Decided 8th March, 1870.)

BARTOL, C. J., and ROBINSON, J., dissented.